**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO ANTIONIO COELLO, | No.   15-73942 |
| Petitioner, | Agency No. A094-296-198 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2019**
Pasadena, California

Before:  FISHER, CALLAHAN, and OWENS, Circuit Judges.

Pedro Antonio Coello, a native and citizen of Honduras, petitions for review

of a final order of removal issued by the Board of Immigration Appeals (BIA),

affirming the Immigration Judge's (IJ) denial of Coello's application for deferral of

removal under the Convention Against Torture (CAT protection).  We review the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"BIA's findings underlying its determination that an applicant is not eligible for relief under the CAT . . . for substantial evidence." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Substantial evidence supports the BIA's determination that Coello failed to establish that it is "more likely than not" that he would be tortured by—or with the consent or acquiescence of—Honduran government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Coello did not present any evidence indicating that Honduran government officials would torture him because of his HIV-positive status, or prevent him from obtaining his HIV medication. Moreover, Coello did not prove that his HIV medication is unavailable in Honduras. Therefore, substantial evidence supports the BIA's denial of Coello's application for CAT protection.

Contrary to Coello's contention, the IJ did not violate Coello's due process rights by "refus[ing] to allow Mr. Sonnenberg to be questioned as an expert witness." As a factual matter, the IJ expressly *allowed* Sonnenberg to testify at the merits hearing. The IJ merely warned Coello that it would give little weight to Sonnenberg's testimony because he was not a qualified expert—a finding that is supported by substantial evidence. Subsequently, the IJ granted Coello a lengthy continuance to find a qualified expert, which Coello failed to obtain. Therefore,

the IJ provided Coello with "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**